

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
~~XXXXXXXXXXXXXXXXX~~X
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable C. A. Shaw, Superintendent
Big Spring State Hospital
Big Spring, Texas

Dear Dr. Shaw:

Opinion No. 0-4411

Re: Whether or not certificates from
two physicians should be required
for patients who are admitted to
the Big Spring State Hospital.

Your request for an opinion from this Department is, in part,
as follows:

"Under article 3193a, Vernon's State Statutes, 1936
edition, it specifies that two physicians certificates are
necessary in the commitment of an insane person to a
state mental institution. This is under the eleemosy-
nary division.

" . . .

"We will very much appreciate your advising us as
to whether or not we are within our jurisdiction in re-
questing these two physicians certificates for patients
who are admitted to the Big Spring State Hospital."

Article 3193a, Vernon's Texas Statutes, is as follows:

"No person shall be committed to any institution
for the treatment of the insane and other mentally
ill persons, unless there has been filed with the county
judge a certificate of the insanity of such person by
two properly qualified and licensed physicians, nor
without an order therefor, signed by the county judge,
stating that he finds that the person committed is in-
sane, and is a proper subject for treatment in a hos-
pital for the insane, and either that he has been an
inhabitant of the State for the six months immediately
preceding such time or that provision satisfactory to

the Board of Control has been made for his mainte-
nance, or that by reason of insanity he would be
dangerous if at large. The order of commitment
shall also authorize the custody of the insane per-
son either at the institution to which he shall first
be committed or at some other institution to which
he may be transferred by order of the Board of
Control. Neither of the physicians mentioned in
this section shall be a relative of the person apply-
ing for the order, or of the person alleged to be
insane, nor shall he be a manager, superintendent,
proprietor, officer, stockholder, or have any
pecuniary interest, directly, or indirectly, or be
an attending physician in the institution to which
it is proposed to commit such alleged insane per-
son."

The statute is emphatic that "no person shall be committed to
any institution for the treatment of the insane and other mentally ill
persons unless there has been filed with the County Judge a certificate
of the insanity of such person by two properly qualified and licensed
physicians, nor without an order therefor, signed by the County Judge,
stating that he finds that the person committed is insane. * * *"

It will be observed, however, that the prohibition is that no per-
son shall be "committed" to any institution mentioned, thereby imposing
a limitation upon the power of the County Judge to make such a commit-
ment. It has no reference to the admission to the institution of one pro-
perly adjudged insane. The requirement of the statute for the certificates
of two physicians is for the court, and the institution may, and should, upon
receipt of the court's order, assume that the court had properly performed
its duty.

The same intention of the Legislature is further evidenced in the
language of Article 3193e of the statute, where a patient is committed by
the County Judge to an institution for the treatment of his ailments or for
observation, pending the determination of his insanity.

H. B. No. 126, passed at the regular session of the 45th Legisla-
ture (p. 542, ch. 268) appearing in Vernon's Annotated Civil Statutes of
Texas as Article 3193o provides for the temporary commitment of mental
patients, and contains the following language:

"The court's order shall fix the temporary commit-
ment period at a term which shall not exceed ninety (90)
days. A sworn statement of the evidence of said two (2)

physicians shall be filed in said matter and a duly certi-
fied copy thereof and the court's order committing such
persons and the financial property statement hereinafter
provided for shall be forwarded immediately to the State
Board of Control, and said certified copy shall be any
hospital superintendent's sufficient authority to admit
and hold said person in said hospital for observation and/
or treatment for not exceeding ninety (90) days."

It will be observed there is no necessary conflict between this
Article and Article 3193e hereinabove referred to.  Article 3193e per-
tains to a temporary commitment pending a hearing of a sanity proceed-
ing, whereas, Article 3193o pertains to a proceeding -- not for a final
judgment with respect to insanity -- but to the commitment of a mental
patient to such an institution for mere observation.

If the application now pending before you involves a final judg-
ment, or a proceeding looking to a final judgment with respect to insanity
and the commitment is an incidental temporary commitment, you will be
governed by Articles 3193a and 3193e, as hereinabove construed. If, on
the other hand, the application for admission is one involved merely in a
proceeding for temporary admission for observation under Article 3193o,
you will be governed by the provisions of that Article. Specifically, in the
latter case you would be entitled to demand -- not the original certificates
of the two physicians, but certified copy or copies of statements of the
evidence of said two physicians as given before the County Judge or court.
Under the last-named Article, this sworn statement or certified copy of
the testimony of the two physicians will come to you through the State
Board of Control.

Very truly yours,

APPROVED FEB. 17, 1942          ATTORNEY GENERAL OF TEXAS

s/Grover Sellers               By     s/Ocie Speer
                                      Ocie Speer
FIRST ASSISTANT                       Assistant
ATTORNEY GENERAL

OS-MR:rn                        APPROVED:
                               Opinion Committee
                               By    B.W.B.
                                     Chairman